**Hagop ATOYAN**

v.

**Shari S. ATOYAN.**

No. 00–382–M.P.

Supreme Court of Rhode Island.

April 17, 2001.

Kevin A. McKenna, Providence.

Kathleen Managhan, Joseph T. Houlihan, Newport.

**ORDER**

This petition for certiorari came before the Supreme Court on April 3, 2001 pursuant to an order directing the parties to appear and show cause why the issues raised by the defendant, Shari S. Atoyan

(defendant or wife), should not be summarily decided. In addition to addressing the issues raised by defendant in her supplemental memorandum, the plaintiff, Hagop Atoyan (plaintiff or husband), was further directed to show cause why, under the circumstances of this case, he should not be estopped from claiming that his children were relocated to another state without his consent. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are satisfied that cause has not been shown and that the issues raised in this petition shall be decided at this time.

The parties were married on August 2, 1997.[1] They have two minor children; Michael, born November 30, 1983, and Ani, born November 10, 1998.[2] Before divorce proceedings were instituted in this case, wife informed husband that she was unhappy living in Rhode Island and wanted to return to Ohio in order to be closer to her mother and sister and to re-enroll Michael in the high school he was attending before her marriage and relocation to Rhode Island. During these conversations, wife maintained that she made it "very clear" that she would be taking the children with her. Although plaintiff objected initially, according to defendant, he thereafter acquiesced. Husband filed a complaint for divorce in the Family Court on June 15, 2000. On June 22, 2000, defendant met with husband in the office of defendant's then attorney to accept service of process. Wife maintained that she did not receive a copy of the automatic orders at the time she was served with the complaint. Further, she maintained that there were discussions in plaintiff's attorney's office with respect to visitation while plaintiff was in Rhode Island and defendant and the children were in Ohio. On June 23, 2000, husband paid for a moving van, helped plaintiff pack the van, placed the youngest child in the car seat and kissed the children good-bye. At the time wife moved to Ohio, Michael was sixteen and Ani was just an infant.

On August 23, 2000, two months after the move, plaintiff, now represented by a different attorney, moved for temporary custody of the children and sought a finding of contempt against defendant. Husband maintained that wife violated an order of the court preventing either party from permanently removing the children from the State of Rhode Island. The record in this case reveals that upon the filing of a complaint for divorce certain Family Court orders automatically become effective and binding upon the parties and must be served with the complaint. One such order states that "[n]either party shall permanently remove the minor child or children from the state of Rhode Island, without the written consent of the other party or an order of the court." On September 11, 2000, a justice of the Family Court found defendant in contempt of the automatic order forbidding the movement of the children to another state in the absence of a written agreement or a court order; however, she declared that the contempt was not willful. Accordingly, she ordered wife to return to Rhode Island with the minor children, and further ordered husband to pay the transportation

---

1. The Court is forced to rely on the memoranda submitted by the parties as well as representations made at oral argument with respect to the facts in this case, as we were provided with only a portion of the lower court file.

2. The plaintiff is Michael's natural father, the result of a brief relationship 18 years ago. Several years later, defendant married another man, at which time plaintiff consented to the child being adopted by defendant's then husband. Subsequently, when plaintiff married defendant, he adopted Michael.

costs. If wife chose not to return to the state during the pendency of the proceeding, plaintiff was to be awarded temporary custody of the children until further order of the Family Court. The same day the order was entered in Family Court, wife filed a petition for a writ of certiorari, seeking review of the contempt finding and the order directing her to return the children to Rhode Island. On September 12, 2000, this Court granted a stay of that order until such time as the petition for certiorari was decided.

This Court has previously held that "[a]lthough each case turns on the particular circumstances presented, we must emphasize that the Family Court should employ the doctrine of equitable estoppel to serve the needs and interest of the child." *Pietros v. Pietros*, 638 A.2d 545, 547 (R.I. 1994). In the case at bar, husband not only consented to the move, he actively assisted his family in their departure. Plaintiff not only paid for the moving van that was used to transport wife and the two minor children to Ohio, he helped them pack the van, placed the baby in her car seat and waved good-bye as they drove away. Further, the automatic order in question contemplates a potential agreement, albeit in writing, between the parties that permits removal of the children from the state. Although the parties' agreement in this case was not in writing, husband may not seek to refute his actual consent simply because the agreement was not reduced to writing. "The law will not permit a person in these situations to challenge the status which he or she has previously accepted [or created]." *Pettinato v. Pettinato*, 582 A.2d 909, 913 (R.I.1990).

For these reasons, we are satisfied that, in light of plaintiff's conduct, the trial justice erred in finding defendant in contempt and ordering the return of the children to Rhode Island. Blind allegiance to the requirement of a writing under the facts of this case is unnecessary and works a hardship on the defendant and the minor children. Therefore, we grant defendant's petition for certiorari and quash the order of the Family Court. We direct the Family Court to conduct an immediate hearing on the underlying issues of custody and visitation in light of the best interests of the children. That determination may occur in the context of a hearing on the merits of the divorce petition. Accordingly, the petition for certiorari is granted, the order of the Family Court is quashed and the papers in this case may be remanded to the Family Court with our decision endorsed thereon.